SHEFFIELD SMITH *v.* JAMES P. BURLINGAME & others.

A mere agreement by the execution creditor, upon certain terms, to waive the perform-
ance of the condition of a bond for the prison limits, though made before breach, is no
defence to an action on the bond for an escape, the terms not having been complied
with, or offered to be complied with, by the execution debtor before suit brought upon
the bond.

DEBT on bond given by the defendant, Burlingame, as prin-
cipal, and the other defendants as his sureties, that Burlingame,
then a prisoner for debt in the jail of the county of Providence,
would remain a true prisoner within the limits of said jail, with-
out committing any manner of escape or escapes, until he
should be lawfully discharged.

The declaration counted upon the bond as a single bond for
the payment of $125. The plea, upon oyer craved and given,
set out the condition of the bond, and averred that after the said
writing obligatory was executed by the defendants, and "before
any manner of breach of the condition thereof had been com-
mitted by the said Burlingame, he the said plaintiff, in consid-
eration that the said Burlingame would not take advantage of
the acts for the relief of poor persons imprisoned for debt,
promised and agreed with the defendant to accept in full satis-
faction, and discharge of all such sums as were due and owing
from the said Burlingame to him, including the debt upon
which he stood committed," five several promissory notes, one
payable at six, one at twelve, one at eighteen, one at twenty-
four, and one at thirty months from date—four for $10 each,
and the fifth for $15.78—and each to be dated September 28,
1855, and averred, "that the said James P. Burlingame was
always ready and willing, and still is ready and willing to de-
liver said notes so agreed to be taken to the plaintiff, and has
them here in court ready to be delivered if he will accept the
same. Whereupon they pray judgment, &c."

The action was brought by appeal from the court of common
pleas for the county of Providence to this court, and was by
agreement submitted to the court upon the sufficiency of the
above plea, as well as upon the facts that might be proved in
support or avoidance of the same.

At the trial it appeared that while the defendant Burlingame

stood committed, at the suit of the plaintiff, to the jail of Providence county, a prisoner upon the limits under the bond sued, and before breach of the condition of the bond, the plaintiff made with him the agreement set forth in the plea; but that Burlingame never delivered to the plaintiff the notes stipulated in execution of the agreement, nor offered to do so until after the commencement of this action, which was brought on the 13th day of November, 1855; nor did he, as required by law, within thirty days of his commitment return to close jail, nor make an assignment to the keeper of the jail for the benefit of his creditors.

The case was argued by *Lapham* for the plaintiff, and by *Thurston* for the defendants.

BRAYTON, J. The question submitted by the parties for our consideration is, whether the plea contains a sufficient defence to Burlingame for his non-performance of the condition of his bond to remain a true prisoner; and we think that it does not. His contract required of him to tender the stipulated notes to the plaintiff. This was the consideration of the plaintiff's agreement to discharge the judgment debt; and unless Burlingame perform his part of the contract, he has no right to insist upon performance by the plaintiff. We see no pretence for the argument of his counsel that he was induced by the agreement of the plaintiff to neglect making his assignment or returning to close prison, and so to become guilty of an escape which he would not otherwise have committed. The plaintiff had a right to expect the delivery of the notes, and it was Burlingame's business to tender them. Had he done so they would no doubt have been accepted, and the bond discharged. It was at his option to give the notes, return to jail, or make an assignment; and by his own neglect he did neither. When we look on the other side, and consider the condition of the plaintiff at the time of suit brought, we see that as he could not compel the making and delivery of the stipulated notes, if he be debarred of his suit on the bond by virtue of the agreement merely, he has lost all remedy. His bond being gone, he has no other security for his debt; and in such case, complaint of injury by being deceived and misled, would come with far better grace from him than from the defendant. *Judgment for the plaintiff.*